```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN THE MATTER OF AN APPLICATION                    MEMORANDUM
OF THE UNITED STATES FOR AN ORDER                  AND ORDER
AUTHORIZING (1) THE USE OF A PEN
REGISTER AND A TRAP AND TRACE                      M 06-0370 (JO)
DEVICE WITH TOWER/SECTOR AND
MSC AUTHORITY AND (2) THE RELEASE
OF OTHER SUBSCRIBER INFORMATION.
-----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

The government has now made its fourth attempt to shield from examination the expert upon whose declaration it relies. Specifically, it moves for reconsideration of my order of September 8, 2006, docket entry ("DE") 14, denying the its application to be relieved of the obligation to produce expert witness Henry Hodor ("Hodor") for testimony on September 13, 2006. *See* Docket Entry ("DE") 15.[1] As explained below, I grant the government's application. I invite the government to produce Hodor for questioning, but will not order it to do so against its will. Should the government choose not to produce Hodor, I will cancel the hearing previously scheduled for September 13, 2006, as unnecessary and decide the government's application on the basis of the motion papers already submitted. I direct the government to inform me of its choice in that regard by 6:00 p.m. today.

The government notes that it has the right to determine the evidence it will submit in support of its application, and argues – to put it more bluntly than does the government in its perfectly respectful letter – that I can take it or leave it. What the government does not address,

---

[1] In addition to the letter submitted on September 7, 2006, DE 13 and today's motion the government previously made two similar efforts, first in an informal discussion of the logistics for considering the instant application, which occurred prior to appearance of *amicus*, and more recently, by way of an *ex parte* telephone call to a member of my chambers staff.

however, is what it thinks I should do if it submits a factual declaration on which it seeks to rely and then demurs when asked to make the declarant available for follow-up questioning.

I find Hodor's reluctance to explain himself – or the government's reluctance to let him – to be inexplicable. It certainly counsels caution in relying on his untested assertions. Therefore, while I will leave for another day the question whether I have the authority to order Hodor to testify, I will as a matter of courtesy alert the government of the potential consequences of shielding his factual assertions from scrutiny, so that it can make an informed choice about how to proceed. Specifically, should the government decline to produce Hodor voluntarily, I will consider whether I should reject his declaration as partially or wholly unworthy of belief in light of his refusal to answer follow-up questions from the court. Naturally, if I do reject Hodor's declaration for that reason, I will deem unsupported any legal argument that relies exclusively on facts set forth only in a portion of Hodor's declaration that I discount.

I have attempted to foster fair and transparent litigation of an important legal matter by employing procedures that do not in any way undermine the government's legitimate interest in the secrecy of law enforcement investigations. While the government's resistance to that process is troubling, I will give full consideration to the entire record before me. It is the government's decision whether that record will include Hodor's testimony. I order no more than that the government inform me of its choice by 6:00 p.m. today.

**SO ORDERED.**

Dated: Brooklyn, New York
September 12, 2006

    /s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge